**CURRY, Plaintiff, v. BIG BEAR STORES COMPANY, Defendant.**

Common Pleas Court, Licking County.

No. 42980.   Decided October 24, 1956.

William G. Huggins, Columbus, for plaintiff.
E. C. Morrow, Newark, for defendant.

## OPINION
By HOLTSBERRY, J.

Plaintiff asks both compensatory and punitive damages against defendant corporation herein, alleging in substance that said defendant through its agent, one Kenneth Baughman, who at said time was wearing a policeman's uniform and gun, followed plaintiff from defendant's premises and in the presence and hearing of diverse persons, injured plaintiff in his good reputation and credit by uttering the following false, malicious and defamatory words: "You took something up at the Big Bear Store and did not pay for it. I have searched your car and found it. You will have to go with me back to the Big Bear Store."

Plaintiff asks damages in the sum of $25,000 for compensatory damages and $25,000 punitive damages, together with attorney fees.

A motion has been filed by defendant asking the Court to strike from plaintiff's petition certain matters pertaining to punitive damages and attorney fees.

An examination and review of cases where punitive damages have been allowed reveals that such have been based upon intent of defendant and are awarded by way of punishment. Ohio is committed to the rule that in certain actions involving gross or malicious fraud, malice, insult, or wanton or reckless disregard of the legal rights of others, punitive damages are permissible. Such damages is a matter within the discretion of a jury and actual damages must first have been found and assessed before such could be allowed. Where punitive damages are allowed it is proper for the jury to allow a reasonable attorney fee.

A principal's or master's liability for wilfull, wanton, and malicious acts does not extend to a liability in punitive damages unless the principal or master has authorized, ratified, or acquiesced in or participated in, the employee's conduct or has failed to exercise due and reasonable care in selecting or retaining the employee. The same rule is applicable to the liability of a private corporation for the acts of its agents or employees. (16 O. Jur. 2nd, at page 288.)

In **The Columbus Railway, Power & Light Co. v. Harrison, 109 Oh St 526,** our Supreme Court held that in an action for personal injury

for an assault upon a passenger by the employee of a corporation, punitive damages cannot be recovered against the corporation in the absence of evidence that the assault was authorized, participated in, or ratified by the corporation, or that the corporation had failed to exercise due and reasonable care in selecting or retaining its employee.

The instant case is one where the punishment in the way of punitive damages, if allowed as prayed for, might fall upon the corporation rather than upon the actual wrong doer. It is the duty of the court to see and use great caution in such instances so that such damages are not imposed unless all conditions under the law for their recovery are present.

An examination of the petition herein fails to disclose any allegations to the effect that defendant directed, ratified, or acquiesced in the alleged act, or was negligent in employing or retaining said agent.

In the opinion of this Court such an allegation is essential if plaintiff intends to seek punitive damage against defendant corporation.

The matters in plaintiff's petition referring to punitive damages and attorney fees are ordered stricken in accordance with the motion of defendant. Plaintiff will be granted 20 days to amend, if he so desires.

Exceptions allowed.